**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN STEVEN SIMON, | No. 10-15534 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00701-MHM |
| v. | |
| CITY OF PHOENIX; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

Submitted May 24, 2011[**]

Before:    PREGERSON, THOMAS, and PAEZ, Circuit Judges.

John Steven Simon appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional violations in

connection with an incident outside of the Maricopa Medical Center.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Sprewell v. Golden*

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). We affirm in part, reverse in part, and remand.

The district court properly dismissed Simon's § 1983 claims against the municipal defendants because Simon failed to allege that the constitutional violations were the result of an official policy or custom. *See Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (municipal liability under § 1983 exists only for constitutional violations occurring pursuant to an official government policy or custom).

The district court properly dismissed Simon's equal protection claim, as well as his claims under 42 U.S.C. §§ 1981 and 1985(3), because Simon failed to allege racial discrimination or any facts supporting the inference that he was otherwise harshly singled out without rational purpose. *See N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) ("In order to claim a violation of equal protection in a class of one case, the plaintiff must establish that the [government entity] intentionally, and without rational basis, treated the plaintiff differently from others similarly situated."); *Sprewell*, 266 F.3d at 989 ("[A]n indispensable element of a claim under 42 U.S.C. § 1985(3) is some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action . . . ." (citation and internal quotation marks omitted)); *DeHorney v. Bank of*

*Am. Nat'l Trust & Sav. Ass'n*, 879 F.2d 459, 467 (9th Cir. 1989) (per curiam) (§ 1981 claim requires proof of intentional or purposeful discrimination).

However, dismissal of Simon's excessive force claim was improper because Simon explicitly alleged that during the investigatory stop, defendant police officers pushed him backwards from his seated position and tackled him, although he was passive and providing no resistance, held him in place, and hit him with a weapon, breaking his ribs. These allegations are sufficient to state an excessive force claim. *See Tekle v. United States*, 511 F.3d 839, 844-45 (9th Cir. 2007) (discussing factors for determining whether the force used was excessive, including the need for and the severity of the force applied). The disputed and inconsistent officer statements in the attachments to Simon's complaint do not warrant a contrary conclusion. *Cf. Sprewell*, 266 F.3d at 988-89 (plaintiff's attachments pled him "out of a claim" where they set forth *uncontested* facts that effectively and persuasively rebutted the complaint's conclusory allegations). Accordingly, we remand for further proceedings on the excessive force claim.

Simon's remaining contentions are unpersuasive.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**